### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALIESKY MARTINEZ CONTRERAS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-574-J |
| | ) | |
| SLEEPING INSTALLATION OF DIAMONDBACK CORR., et al., | ) ) ) | |
| | ) | |
| Respondents. | ) | |

### <u>REPORT AND RECOMMENDATION</u>

Petitioner Aliesky Martinez Contreras, a noncitizen, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Before the Court is Respondents' Motion to Dismiss the Petition. Doc 9. Petitioner has responded. Doc. 10. So the matter is at issue.

For the reasons discussed below, the undersigned recommends the Court grant the motion to dismiss the habeas petition.

## I.    Factual background and procedural history.

Petitioner is a citizen of Cuba. Doc. 8, Ex. 2; Doc. 10, at 4. He states he "legally" entered the country but does not indicate when or where. Doc. 10, at 4.[1]

Respondents filed a notice with the Court stating that, on January 28, 2026, an Immigration Judge (IJ) granted Petitioner's request to terminate his removal proceedings because Petitioner "has an application pending for adjustment of status before [U.S. Citizenship and Immigration Services] under the Cuban Adjustment Act. 8. C.F.R. section 1003.18(d)(1)(ii)(B) (2026)." Doc. 8, Ex. 2. The Government appealed that decision requesting the Immigration Court reopen removal proceedings. *Id*. Ex. 3, at 3. That appeal is pending before the Board of Immigration Appeals. *Id*. Ex. 4; *see also* https://acis.eoir.justice.gov/en/caseInformation (last visited July 21, 2026) (noting the parties filed briefs on June 8, 2026).

Petitioner alleges as his sole ground for relief: "My detention has been unconstitutionally prolonged and violates the Fifth Amendment to the United States Constitution." Doc. 1 at 7. For supporting facts he states:

---

[1]    Apart from Petitioner's assertion that he "was admitted and inspected by [U.S. Customs and Border Protection]," Doc. 10, at 4, the parties have not presented anything to the Court suggesting Petitioner encountered border officials upon his entry, or that he was admitted or paroled into the country.

2

> On January 28, 2026, the Immigration Judge in hearing terminated my asylum Case favorable to my application, and it happened that there is an intention on the part of the DHS/ICE Attorney to keep me locked up to force a deportation that does not take place since the Immigrations Judge's decision was based on the discharge of evidence and the testimony presented in the hearing and I am still locked up, accumulating an unnecessary prolonged detention of five months, in dire conditions at the whim of DHS/ICE and not by the law.

*Id.* He is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at 1.

## II.    **Standard of Review.**

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

Respondents seek dismissal of Petitioner's habeas corpus petition under Federal Rule of Civil Procedure 12(b)(6). Doc. 9. To withstand a motion to dismiss, the petition must allege "enough facts to state a claim to relief that

is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290, 1293 (10th Cir. 2001) (dismissing 28 U.S.C. § 2241 immigration petition under Fed. R. Civ. P. 12(b)(6) "for fail[ing] to state a claim upon which relief can be granted"). A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish the petitioner's claim. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court liberally construes a pro se litigant's pleadings, but just like any other litigant, a pro se party bears the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.   Petitioner fails to state a claim.

Petitioner seeks his immediate release but provides no basis apart from alleging his detention has been "unconstitutionally prolonged" in violation of the Fifth Amendment. Doc. 1, at 7. Even liberally construing the petition, the Court agrees that Petitioner has failed to raise either a procedural or substantive due process claim.

Under Rule 2 of the rules governing habeas corpus cases, Petitioner must specify all the grounds for relief available to him and state the facts supporting each ground. Rule 2(c)(1)-(2), Rules Governing § 2254 Cases in the United States District Courts; *see also Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241."). Petitioner provides no facts to support his vague ground for relief, and that is his burden. *Hall*, 935 F.2d at 1110. Because Petitioner does not adequately allege he "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), he presents no basis for habeas corpus relief.

## IV.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends granting Respondents' motion to dismiss, denying Petitioner's request for habeas corpus relief, and dismissing the petition.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before August 12, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate

review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 22nd day of July, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE